STATE of Missouri, Plaintiff–Respondent,

v.

Edwin D. McINTIRE, Defendant–Appellant.

No. 17073.

Missouri Court of Appeals, Southern District, Division Two.

July 9, 1991.

Motion for Rehearing or to Transfer Denied July 31, 1991.

Application to Transfer Denied Sept. 10, 1991.

John A. Klosterman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant Edwin McIntire guilty of manufacturing marijuana (§ 195.-020),[1] possessing more than 35 grams of marijuana (§ 195.020; § 195.200.1(1)(b)), and possessing drug paraphernalia (§ 195.-020). He was sentenced to two years' imprisonment and fined $1,000 for manufacturing marijuana, and to three years' imprisonment for possession of more than 35

grams of marijuana, the sentences to run consecutively. He was fined $500 for possessing drug paraphernalia. Defendant appeals.

Defendant's sole point is that the trial court erred in sentencing him for manufacturing marijuana and for possessing more than 35 grams of marijuana "because the court thereby denied defendant his right to be free from double jeopardy, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, in that Count II, manufacturing marijuana, relied on proof of the same facts as the state presented to convict defendant of Count III, possession of more than 35 grams of marijuana."

■ The Double Jeopardy Clause, U.S. Const. amend. V, is enforceable against the states through the Fourteenth Amendment. The clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. It protects against multiple punishments for the same offense. *State v. Lane,* 791 S.W.2d 947, 949–950 (Mo.App.1990).

■ Where consecutive sentences are imposed at a single criminal trial, the role of the clause is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. The question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent. Even if the crimes are the same under the *Blockburger* test,[2] if it is evident that the state legislature intended to authorize cumulative punishments, a court's inquiry is at an end. *Lane* at 949–950.

In *State v. McLemore,* 782 S.W.2d 127, 128 (Mo.App.1989), the court said:

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

2. The *Blockburger* test is, "[W]here the same act or transaction constitutes a violation of two distinct *statutory provisions,* the test to be applied to determine whether there are two offenses or only one is whether each *provision* requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299,

304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). (Emphasis added.)

"The *Blockburger* test has nothing to do with the *evidence* presented at trial. It is concerned solely with the statutory elements of the offenses charged." (Emphasis in original.) *Grady v. Corbin,* 495 U.S. ——, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990),

"Missouri's multiple offense limitation statute, § 556.041(1), prohibits multiple convictions for offenses arising from the same conduct when one offense is 'included in the other.' § 556.046.1(1) defines an included offense as one 'established by proof of the same or less than all the facts required to establish the commission of the offense charged.'

Application of the double jeopardy analysis, under either the Fifth Amendment or the multiple offense limitation statute, thus requires determination of the facts necessary to prove each offense involved. *The analysis focuses upon the statutory elements of each offense, rather than upon the evidence actually adduced at trial.*" (Emphasis added.)

To similar effect see *State v. Pacchetti,* 729 S.W.2d 621, 624–626 (Mo.App.1987).

In *State v. Brown,* 750 S.W.2d 139 (Mo.App.1988), defendant was convicted of manufacturing marijuana and of possessing more than 35 grams of marijuana. On appeal, he made the same contention which McIntire now makes. In *Brown* the court rejected that contention and held that possessing marijuana and manufacturing marijuana are "distinct and separate offenses." A similar holding was made in *State v. Brown,* 750 S.W.2d 715 (Mo.App.1988).

With commendable candor, defendant's counsel recognizes that *State v. Brown,* 750 S.W.2d 139, supra, is against his contention, but argues that "Brown is wrongly decided." This court does not agree. No purpose would be served in repeating the rationale contained in the two *Brown* cases. This court concurs in that rationale. Defendant's point has no merit.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.