STATE of Missouri, Respondent,

v.

Alan M. McTUSH, Appellant.

No. 74306.

Supreme Court of Missouri,
En Banc.

March 24, 1992.

John A. Klosterman, Janet P. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

COVINGTON, Judge.

Appellant, Alan M. McTush, was charged by a three-count information filed in the Circuit Court of Cape Girardeau County with assault in the first degree, § 565.050.-1(1), RSMo 1986, armed criminal action, § 571.015.1, RSMo 1986, and attempted robbery in the first degree, §§ 564.011.1, 569.020.1(2), RSMo 1986. After a bench trial, the trial court found appellant guilty of all charges. The court sentenced appellant to consecutive terms of twenty, ten, and fifteen years respectively. Appellant appealed only from the convictions for assault in the first degree and attempted robbery in the first degree. Requesting plain error review under *Rule 30.20*, he asserted that the trial court erred by entering judgment and sentence against him for both first degree assault and attempted first degree robbery because the court violated appellant's right to be free from double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19, of the Missouri Constitution. The Missouri Court of Appeals, Eastern District, affirmed but ordered the case transferred to this Court, pursuant to *Rule 83.02*, for reexamination of the holding of *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970). The judgment is affirmed.

In the early morning of July 9, 1989, Mary Hager was working alone at a Kwik Pantry in Cape Girardeau, Missouri. At approximately 3:00 a.m. Ms. Hager was in the back room of the store bagging ice. A buzzer sounded indicating that someone had entered the store. When Ms. Hager went to the front of the store through a

doorway that led behind the sales counter, she saw two men; appellant was at the counter and the other man in the candy aisle.

Appellant asked for a package of cigarettes. He picked up a cigarette lighter from a display located on the counter. Ms. Hager turned to get the cigarettes, then registered the sale of cigarettes and lighter on the cash register. Appellant paid for both items, after which he asked the man in the candy aisle whether he wanted anything. The man walked to the counter. Appellant again asked him if he wanted anything. When appellant received no response, appellant picked up a package of chewing gum and put it on the counter. Ms. Hager turned to her right to register the sale. When she turned back to face appellant, he was pointing a gun at her. Appellant placed the gun at the edge of Ms. Hager's eyeglasses. Appellant said nothing, but after a few seconds he fired the gun. Ms. Hager turned around and dialed 911. Appellant and his companion fled without taking anything from the Kwik Pantry. Although Ms. Hager sustained life-threatening and deforming injuries from the bullet wound, she survived the attack.

Less than twenty-four hours later, appellant and two companions robbed a Minit Mart in Paducah, Kentucky. They were apprehended by the Kentucky police shortly thereafter.

■ Appellant rests his claim of double jeopardy on Article I, Section 19, of the Missouri Constitution and on the Fifth and Fourteenth Amendments to the United States Constitution. The Missouri Constitution offers no basis for appellant's claim. It provides that "no person shall be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; ..." Mo. Const. art. I, § 19. Since appellant was never acquitted by a jury, the double jeopardy clause of the Missouri Constitution is without application to his case. Any double jeopardy claim in the present case would, therefore, derive from the Fifth Amendment to the United States Constitution, which provides that no person

shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Fifth Amendment is made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

The United States Supreme Court has determined that the federal double jeopardy clause protects defendants not only from successive prosecutions for the same offense after either an acquittal or a conviction, but also from multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 802, 109 S.Ct. 2201, 2206, 104 L.Ed.2d 865 (1989). The protections afforded are distinct. "In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 498–99, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984); *see also Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2090–91, 109 L.Ed.2d 548 (1990).

■ Double jeopardy analysis regarding multiple punishments is, therefore, limited to determining whether cumulative punishments were intended by the legislature. *Missouri v. Hunter*, 459 U.S. 359, 366–69, 103 S.Ct. 673, 678–80, 74 L.Ed.2d 535 (1983). Where the legislature has specifically authorized cumulative punishment under two statutes proscribing the same conduct, the trial court or the jury may impose cumulative punishment under such statutes in a single trial without offending against the double jeopardy clause. *Id.* at 368–69, 103 S.Ct. at 679–80.

Appellant relies on the single act of force rule adopted by this Court in *State v. Richardson*, 460 S.W.2d at 540, to support his argument that consecutive sentences imposed upon him for assault and attempted robbery constitute multiple punishments for the same offense in violation of the double jeopardy clause because the act of

shooting the victim in the face was the act forming the basis for convictions of both offenses. *See also State v. Neal,* 514 S.W.2d 544, 548 (Mo. banc 1974); *State v. Grays,* 629 S.W.2d 466, 469 (Mo.App.1981); *Thompson v. State,* 606 S.W.2d 263, 264–65 (Mo.App.1980). The cases relied on by appellant hold that the double jeopardy clause prevents a single act of force proven as an essential element of the crime of robbery from being used to constitute the crime of assault. *See e.g., State v. Neal,* 514 S.W.2d at 548.

█ Even if the single act of force doctrine relied on by appellant is read to prohibit convictions for both robbery and assault, the doctrine retains vitality in double jeopardy analysis involving multiple punishments solely to the extent that the doctrine is consistent with legislative intent. *Missouri v. Hunter,* 459 U.S. at 368–69, 103 S.Ct. at 679–80. *Hunter* makes clear that the double jeopardy clause is not a bar to prosecuting a single act of force under different statutes if the legislature intended to punish such conduct cumulatively under both statutes. *See Id.* Where the question is one of multiple punishments for the same offense, "the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366, 103 S.Ct. at 678.

The inquiry turns upon determination of whether the legislature intended to provide cumulative sentences for the same conduct. The analysis first requires this Court to examine the statutes under which appellant was convicted. *State v. Gottsman,* 796 S.W.2d 27, 29 (Mo.App.1990). Section 565.050.1(1), under which appellant was convicted of first degree assault, provides that a person commits assault in the first degree if he knowingly causes serious physical injury to another person. The attempted robbery conviction was based upon §§ 564.011 and 569.020.1(2). Section 564.011 provides:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A substantial step is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The portion of § 569.020.1 under which appellant was convicted provides that: "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, . . . (2) is armed with a deadly weapon." Sections 565.050.-1(1) and 569.020.1(2) do not state whether the legislature intended to punish conduct cumulatively under both statutes.

Although the statutes under which appellant was convicted are silent on the question of whether the legislature intended to punish the conduct cumulatively, the Missouri legislature has elsewhere expressed its general intent regarding cumulative punishments. Section 556.041, RSMo 1986, provides:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(1) One offense is included in the other, as defined in § 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

Only subsection (1) of § 556.041 is even arguably applicable to the present case. In that context § 556.046.1 provides that an offense is an included offense when:

(1) It is established by proof of the same or less than all the facts required

to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Of the subsections of § 556.046.1, only subsection (1) is applicable to the present case.

Section 556.046.1(1) appears to codify the lesser included offense definition announced in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See State v. McCrary*, 621 S.W.2d 266, 269 (Mo. banc 1981). Analysis under either § 556.046.1(1) or *Blockburger* focuses on the statutory elements of the offenses rather than upon the evidence actually adduced at trial. *See Grady v. Corbin*, 110 S.Ct. at 2093 n. 12; *Albernaz v. United States*, 450 U.S. 333, 338, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981); *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293–1294 n. 17, 43 L.Ed.2d 616 (1975); *State v. McIntire*, 813 S.W.2d 97, 98 (Mo.App.1991); *State v. Taylor*, 807 S.W.2d 672, 675 (Mo. App.1991). If each offense requires proof of a fact that the other does not, then the offenses are not lesser included offenses, notwithstanding a substantial overlap in the proof offered to establish the crimes. *Albernaz v. United States*, 450 U.S. at 338, 101 S.Ct. at 1141; *Iannelli v. United States*, 420 U.S. at 785 n. 17, 95 S.Ct. at 1293 n. 17; *State v. Taylor*, 807 S.W.2d at 675.

■ Application of § 556.046.1(1) is straightforward. The elements of each offense are gleaned from the statutes or common law definitions and then compared. *State v. McLemore*, 782 S.W.2d 127, 128–9 (Mo.App.1989); *See e.g., State v. Taylor*, 807 S.W.2d at 675–76. If each offense is established by proof of an element not required by the other offense, then neither offense is an included offense within the meaning of § 556.046.1(1), and the limitation on convictions for multiple

offenses codified at § 556.041(1) does not apply.

■ It remains to apply the analysis under § 556.041(1) to the facts of the present case. The conviction for attempted robbery under § 569.020.1(2) required proof that appellant attempted to forcibly steal property while armed with a deadly weapon. Section 569.020.1(2) does not require proof of an attack or an injury. In contrast, the conviction for assault under § 565.050.1(1) required proof that the appellant knowingly caused serious physical injury to another person, but did not require proof that the appellant used a deadly weapon. *See e.g., State v. Sprous*, 639 S.W.2d 576, 578 (Mo.1982); *State v. Taylor*, 807 S.W.2d at 676. Since each of the offenses for which appellant was convicted required proof of a fact or element not required by the other offense, the offenses are not "included offenses" within the meaning of § 556.046.1(1).[1]

None of the exceptions contained in § 556.041 is applicable. As a consequence, the general provision of that section, which provides that "[w]hen the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense," applies. § 556.041. The convictions for attempted robbery under § 569.020.1(2) and assault under § 565.050.1(1) are thus in accordance with the espoused intent of the Missouri legislature. After *Missouri v. Hunter*, legislative intent regarding multiple punishments for the same offense controls the question of whether double jeopardy protection is available. Appellant's double jeopardy claim is therefore without merit.

The single act of force rule adopted by *State v. Richardson*, 460 S.W.2d at 540, and applied in the context of multiple punishments in *State v. Neal*, 514 S.W.2d at 548, *State v. Grays*, 629 S.W.2d at 469, and *Thompson v. State*, 606 S.W.2d at 264–65,

---

**1.** Had appellant been charged under § 559.020.1(1), stealing by causing serious injury, rather than under § 569.020.1(2), the present case would come within the prohibition contained in § 556.041(1).

is abrogated to the extent that it conflicts with the holding of this case.

The judgment is affirmed.

ROBERTSON, C.J., and RENDLEN, HOLSTEIN, BENTON and THOMAS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

The principal opinion appropriately points out that *Missouri v. Hunter*, 459 U.S. 359 (1983), authorizes cumulative punishment for the same conduct if the legislature clearly indicates its intent so to punish. That case involved the armed criminal action statute, former *§ 559.225* (repealed 1977; current version at *§ 571.015, RSMo 1986*). *Hunter* held that statutory provisions proscribing the same offense " 'are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*' " *Hunter*, 459 U.S. at 366, 103 S.Ct. at 678 (emphasis original) (quoting *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)). The very purpose of the armed criminal action statute is to authorize additional punishment for those using weapons in the perpetration of crime. *Section 556.041, RSMo 1986*, discussed in the principal opinion, likewise indicates a legislative purpose of punishing offenses having different elements, even though they arise out of the same set of facts.

I am forced to write separately, however, because the principal opinion fails to deal adequately with the problem posed by *Moore v. Wyrick*, 766 F.2d 1253 (8th Cir. 1985) *cert. denied sub. nom Armontrout v. Moore*, 475 U.S. 1032, 106 S.Ct. 1242, 89 L.Ed.2d 350 (1986), in which a Missouri conviction was set aside because it was based on a change in the construction of the felony murder statutes, without legislative sanction. This Court had affirmed a felony murder conviction in which a tavern patron shot and killed another patron after the defendant and others undertook an armed robbery. *State v. Moore*, 580 S.W.2d 747 (Mo. banc 1979). The holding overruled *State v. Majors*, 237 S.W. 486 (Mo.1922), which held that the felony murder rule may be applied only if the defendant or an accomplice is the killer. The federal court cited *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 649 (1798), for the proposition that due process precludes judicial construction which "aggravates a crime, or makes it greater than it was, when committed." *Moore*, 766 F.2d at 1255.

A question might be raised under *Moore v. Wyrick* about a holding so patently in conflict with *State v. Neal*, 514 S.W.2d 544 (Mo. banc 1974) and *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970). A court may be forced to perpetuate an erroneous decision on criminal law, unless there is subsequent legislative sanction. *Section 556.041* provides that sanction. Thus we are free to apply the *Hunter* principles unencumbered by the prior decisions.

The trial judge thought that the defendant should serve a term of 45 years. He could easily have accomplished this result by making the sentences for assault and attempted robbery concurrent. *See §§ 565.050; 558.011, RSMo 1986*. That would have eliminated the problem.

With these observations, I concur.