

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )  *Opinion issued June 13, 2023*
)
          Respondent, )
)
v. ) No. SC99871
)
SYLVESTER ONYEJIAKA, JR., )
)
          Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### The Honorable Bryan L. Hettenbach, Judge

    Sylvester Onyejiaka was found guilty by a jury of possessing a controlled substance in violation of section 579.015.1[1] and unlawfully using a weapon while in possession of a controlled substance in violation of section 571.030.1(11).  Onyejiaka appeals, arguing his convictions infringe upon his right to be free from double jeopardy because they arise from the same conduct.  Analyzing the statutes in question, this Court finds no double jeopardy violation exists because the legislature specifically authorized multiple punishments under sections 579.015.1 and 571.030.1(11) for conduct such as Onyejiaka's.  The circuit court's judgment is affirmed.

---

[1] All statutory references are to RSMo 2016, unless otherwise specified.

## Factual and Procedural Background

In January 2019, police officers pulled over a vehicle driven by Onyejiaka to conduct a traffic stop. Upon approaching the vehicle, the officers observed a firearm located between the driver's seat and the center console. Onyejiaka voluntarily exited the vehicle and consented to its search. The officers discovered an off-white substance wrapped in cellophane. The substance was later identified as .33 grams of cocaine base.

Onyejiaka was charged with two crimes: (1) the possession of a controlled substance in violation of section 579.015.1; and (2) the unlawful use of a weapon while in possession of a controlled substance in violation of section 571.030.1(11). A jury found Onyejiaka guilty of both counts. The circuit court sentenced Onyejiaka to concurrent three-year prison terms, suspended execution of both sentences, and placed him on supervised probation. Onyejiaka appeals, claiming the two convictions violated his right to be free from double jeopardy.[2]

## Standard of Review

Onyejiaka failed to preserve his double jeopardy claim in the circuit court and requests plain error review pursuant to Rule 30.20. "Plain error review is discretionary." *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022). This Court will not exercise its discretion to conduct plain error review "unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has

---

[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

resulted." *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (internal quotation omitted).

Generally, constitutional issues must be raised at the earliest possible opportunity to be preserved for appellate review. *See State v. Liberty*, 370 S.W.3d 537, 546 (Mo. banc 2012). However, "a double jeopardy allegation determinable from the face of the record is entitled to plain error review on appeal." *Id.* (internal quotation omitted). This is because "[t]he right to be free from double jeopardy is a constitutional right that goes to the very power of the State to bring the defendant in the court to answer the charge brought against him." *State v. Neher*, 213 S.W.3d 44, 48 (Mo. banc 2007).

**Analysis**

"The double jeopardy clause of the Fifth Amendment guarantees that no person shall 'be subject for the same offense to be twice put in jeopardy of life and limb.'" *State v. Daws*, 311 S.W.3d 806, 808 (Mo. banc 2010) (quoting U.S. Const. amend. V). The double jeopardy clause protects against multiple "prosecutions for the same offense after either an acquittal or a conviction" as well as "multiple punishments for the same offense." *Id*. Onyejiaka claims his convictions violate his right to be free from multiple punishments for the same offense.

However, "a defendant may be convicted in one proceeding of more than one offense based upon the same conduct if the legislature intends to punish the conduct under more than one statute." *State v. Villa-Perez*, 835 S.W.2d 897, 903 (Mo. banc 1992); *see also State v. McTush,* 827 S.W.2d 184, 186 (Mo. banc 1992). As the Supreme Court of the United States has explained:

3

In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent.

*Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (internal citations omitted). Accordingly, this Court's double jeopardy analysis regarding multiple punishments is limited to determining whether the legislature intended to impose multiple punishments. *State v. Hardin*, 429 S.W.3d 417, 421 (Mo. banc 2014) (quoting *McTush,* 827 S.W.2d at 186).

The legislature may express its intent to authorize multiple punishments in one of two ways. *Id.* at 421-22. First, the legislature may express such intent within the offense-specific statutes under which the defendant was convicted. *Id.* If the legislature expressed its intent to authorize multiple punishments under the offense-specific statutes, no double jeopardy violation exists. *McTush*, 827 S.W.2d at 186. Second, in the absence of an offense-specific indication of legislative intent, the legislature has generally expressed its intent regarding multiple punishments in section 556.041.[3] *See Hardin*, 429 S.W.3d at 421-24; *see also State v. Collins*, 648 S.W.3d 711, 719-21 (Mo. banc 2022).

---

[3] Section 556.041 states the legislature's general intent to authorize multiple punishments due to the same conduct unless an exception applies. Specifically, section 556.041 provides:

When the same conduct of a person may establish the commission of more than one offense he or she may be prosecuted for each such offense. Such person may not, however, be convicted of more than one offense if:

(1) One offense is included in the other, as defined in section 556.046; or

4

Crucially, Onyejiaka's convictions do not result in a double jeopardy violation because sections 579.015 and 571.030 express the legislature's intent to authorize multiple punishments in this specific situation. Focusing upon the statutes in question, section 579.015.1 states, "A person commits the offense of possession of a controlled substance if he or she knowingly possesses a controlled substance[.]" Section 579.015.2 further provides, "The offense of possession of any controlled substance except thirty-five grams or less of marijuana or any synthetic cannabinoid is a class D felony."[4] Section 571.030.1 lists 11 different ways the felony of unlawful use of a weapon may be committed, including if a person knowingly "[p]ossesses a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015." *Id.* sec. 571.030.1(11). A violation of subdivision (11) of section 571.030.1 is a class E felony.[5] *Id.* sec. 571.030.8(1).

The plain language of the statutes combined with this Court's guiding principles of statutory construction lead to only one conclusion—that the legislature intended multiple

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

[4] A class D felony is punishable by a term of imprisonment not to exceed seven years. Section 558.011.1(4).
[5] A class E felony is punishable by a term of imprisonment not to exceed four years. Section 558.011.1(5).

punishments in this situation. *See State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010) ("When interpreting a statute, the primary goal is to give effect to legislative intent as reflected in the plain language of the statute."). Section 571.030.1(11) states an individual can be found guilty of unlawful use of a weapon only if the offender "[p]ossesses a firearm *while also* knowingly in possession of a controlled substance that is sufficient for a *felony violation* of section 579.015." (Emphasis added). Consequently, if the legislature intended for an individual such as Onyejiaka to be convicted solely under section 571.030.1(11) when guilty of both offenses, it would have classified a violation of section 571.030.1(11) as a more serious felony than a felony violation of section 579.015.[6] But instead, the legislature did the opposite and classified Onyejiaka's violation of section 579.015 as a more serious felony than his felony violation of section 571.030.1(11). Allowing Onyejiaka and other offenders of section 579.015 to reduce the severity of their offense and sentence by carrying a firearm while in possession of a controlled substance is an absurd result this Court must presume the legislature did not intend. *See Murray v. Mo. Highway & Transp. Comm'n*, 37 S.W.3d 228, 233 (Mo. banc 2001) ("Construction of statutes should avoid unreasonable or absurd results.").

---

[6] Possession offenses under subsections 3 and 4 of section 579.015 are inapplicable to this analysis because they are classified as misdemeanors. In other words, without more, an offender who solely violated subsections 3 or 4 of section 579.015 could not be convicted under section 571.030.1(11) because those offenses are insufficient to establish a felony violation of section 579.015. "It is a cardinal rule of statutory interpretation that [t]he legislature is presumed to know the existing law when enacting a new piece of legislation." *State ex rel. Nothum v. Walsh*, 380 S.W.3d 557, 567 (Mo. banc 2012) (alteration in original) (internal quotation omitted).

Moreover, the legislature's addition of subdivision (11) to section 571.030.1 in 2014 would have been meaningless if the legislature intended for an individual who violates section 571.030.1(11) to be charged solely under section 579.015. "The legislature is presumed not to enact meaningless provisions." *Wollard v. City of Kan. City*, 831 S.W.2d 200, 203 (Mo. banc 1992). Based upon the plain language of section 571.030.1(11) and this Court's rules of statutory interpretation, therefore, the only outcome the legislature could have intended by enacting section 571.030.1(11) is to authorize multiple punishments for violations of sections 579.015 and 571.030.1(11).

This conclusion is supported by the separate and distinct purposes of sections 579.015 and 571.030. Section 579.015 prohibits and punishes certain drug-related conduct. On the other hand, section 571.030 prohibits and punishes specified types of improper conduct involving a firearm. Accordingly, "[t]he statutes protect against separate and distinct evils[.]" *State v. Walker*, 352 S.W.3d 385, 392 (Mo. App. 2011) (holding the legislature intended multiple punishments for forcible rape and statutory rape though there was a single act of sexual intercourse because the statutes criminalizing those offenses serve distinct purposes). Onyejiaka violated two different prohibitions with two distinct purposes by possessing a firearm while conducting an illegal activity and by possessing a controlled substance. *Accord Rowbottom v. State*, 13 S.W.3d 904, 908 (Ark. 2000) (considering a similar statutory scheme and holding the "General Assembly has thereby made it clear in our judgment that it wishes to assess an additional penalty for simultaneously possessing controlled substances and a firearm").

In response, Onyejiaka argues in past instances in which this Court has held the legislature authorized multiple punishments for the same conduct, such as under Missouri's armed criminal action statute, the statute explicitly stated the punishment "shall be in addition to any punishment provided by law for the crime committed." *See Missouri v. Hunter*, 459 U.S. 359, 362 (1983). Ultimately, while the language in Missouri's armed criminal action statute provides an obvious indication of legislative intent, that language is not the only way for the legislature to express its intent to authorize multiple punishments. The legislature need not use "certain magic words." *See Bachtel v. Miller Cnty. Nursing Home Dist.*, 110 S.W.3d 799, 804 (Mo. banc 2003) (rejecting the argument that specific language is required to waive sovereign immunity). Here, the plain language of the statutes, combined with several fundamental principles of statutory interpretation, clearly demonstrates the legislature's intent to authorize multiple punishments under sections 579.015 and 571.030.1(11). Nothing further is required. No double jeopardy violation exists.

## Conclusion

For the reasons set forth above, the circuit court's judgment is affirmed.

_____
Robin Ransom, Judge

All concur.

8