**STATE of Tennessee, Appellant,**

v.

**John ARCHIE, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 3, 1982.

Permission to Appeal Denied by the Supreme Court Sept. 13, 1982.

---

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellant.

Joseph B. Dailey (trial), Joseph B. Dailey (appeal), Memphis, for appellee.

OPINION

WALKER, Presiding Judge.

This is an appeal by the state from the order of the trial judge precluding the state from retrying the appellee on the habitual criminal portion of the indictment.

The Shelby County grand jury on November 7, 1980, indicted the appellee, John Archie, for receiving stolen property and for being an habitual criminal. On April 1, 1981, the trial jury found Archie guilty of receiving stolen property under the value of $200 and fixed his punishment at not less than one nor more than two years. Immediately after this verdict the state presented its proof to the same jury with respect to the enhanced punishment. On April 2 the jury was unable to agree and the court declared a mistrial with the consent of Archie and the state. On April 30 the trial judge sentenced Archie to one to two years in the penitentiary in accordance with the verdict.

Following the verdict the appellee orally moved to preclude the state from retrying him on the habitual criminal count. He filed a motion to this effect on April 30 which the trial court denied on May 14. The trial court granted the appellee an appeal by permission to this court under Rule 9, T.R.A.P. We denied the application on June 17 and the Supreme Court denied the application on August 31.

On September 25 the trial court reheard the appellee's motion to preclude retrial on the second count and granted it. The appellee thereupon on that day withdrew his motion for a new trial. The court ordered execution of the one to two year sentence previously imposed. On October 16 the court entered a more detailed order precluding the state from retrying the appellee and dismissing the second count. The state

appealed insisting that the trial judge erred in granting that motion. The appellee insists here, as he did in the lower court, that to retry him after he has been tried, convicted and sentenced for the underlying or triggering felony would violate double jeopardy principles. We hold otherwise.

The habitual criminal statutes do not create an independent crime. They merely prescribe a status which allows for the enhancement of punishment for the triggering offense to life imprisonment. *Harrison v. State,* 217 Tenn. 31, 394 S.W.2d 713 (1965). When a trial judge imposes both a sentence on the triggering offense and on the habitual criminal charge, the sentence on the triggering offense is null and void. *Meade v. State,* 484 S.W.2d 366 (Tenn.Cr.App.1972). In such cases this court has modified the trial court's judgment by striking that part of the judgment fixing sentence on the triggering offense.

The better practice is for the trial judge to postpone entry of judgment on the substantive or first count until proceedings are complete on the enhancement phase of the case. If the defendant is found to be subject to enhancement, the judgment may be so entered. If, however, the state fails to show the defendant is subject to enhancement of sentence, the trial judge may then sentence the defendant to the punishment fixed by the jury in the verdict on the substantive or first count of the proceedings.

Archie had been placed in jeopardy in this case. There are exceptions, however, to the prohibition against double jeopardy. One of them is that retrial is permissible when the defendant through his counsel actively sought or consented to premature termination of the proceedings. *State v. Knight,* 616 S.W.2d 593, 596 (Tenn.1981). Archie consented to the mistrial here. Since he agreed to the mistrial, a subsequent trial on the habitual criminal portion of the indictment would not be barred on double jeopardy grounds.

Nor does the fact that the trial judge pronounced sentence on the triggering offense prohibit retrial here. The appellee relies on *Tinker v. State,* 579 S.W.2d 905 (Tenn.Cr.App.1979). There the trial judge sentenced Tinker to four to ten years and after that sentence had been partially executed the trial judge recalled Tinker into court and sentenced him to five to ten years for the same offense. We held that to increase Tinker's original sentence after it had been partly executed would violate double jeopardy guarantees in that case. Although we do not think that beginning service of the sentence is determinative here, we note that Archie had filed a new trial motion suspending the judgment and that he had not in fact begun service of the sentence when his motion was granted. In support of a rule not applicable to the facts of this case, he relies on *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed.2d 354 (1931). The dictum in *Benz* has been restricted and held not susceptible of general application in *United States v. DiFrancesco,* 449 U.S. 117, 138–39, 101 S.Ct. 426, 438, 66 L.Ed.2d 328, 347 (1980). The trial in this case was a single continuing process. The delay in completing it was caused by Archie's proceedings to prohibit the state from trying him on the portion of the indictment for enhanced punishment.

We hold that the trial judge erred by granting the motion to prohibit retrial and dismissing the habitual criminal charge. The state may retry Archie on that portion of the indictment. In the event the jury finds him to be an habitual criminal the trial court may enhance the punishment for receiving stolen property to life imprisonment. If that occurs, the trial court may strike the sentence for one to two years and impose a life sentence.

Reversed and remanded.

BYERS and SCOTT, JJ., concur.