STATE of Missouri, Respondent,

v.

Richard PETTIS, Appellant.

No. 52687.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant appeals from his conviction of first degree assault, RSMo § 565.050 (1986). Defendant was also convicted of first degree robbery, RSMo § 569.020 (1986), and armed criminal action, RSMo § 571.015 (1986). Defendant waived his right to a trial by jury. Defendant was sentenced as a prior and persistent offender to three twenty-five year sentences to run concurrently. On appeal defendant alleges that the trial court erred in finding defendant guilty of assault because: (1) there was a single act of force insufficient to sustain convictions for both robbery and assault; and (2) the victim suffered an injury but not a serious physical injury necessary for first degree assault. We affirm.

On October 3, 1985, defendant entered the Taystee Thrift store on Chouteau in the City of St. Louis. Defendant asked the store sales clerk Audrey Couch if she had any twenty-five cent snack cakes. Ms. Couch replied that she did not. Defendant then pulled a knife, scratched Ms. Couch on the arm with the knife, and demanded money from her. Ms. Couch responded that she did not have any money. Defendant slashed Ms. Couch's arm with his knife. Blood began to run down her arm from the open wound. Defendant next told Ms. Couch to open the register. She replied that she did not know if she could open the register because of her bleeding arm. Defendant then threatened to cut her again if she did not open the register. Ms. Couch

then opened the register. As defendant reached to empty the register drawer, he again threatened to cut his victim if she did not squat down on the floor. Defendant fled the store with approximately $70.00.

Defendant surrendered himself to the police the following day. After having been informed of his constitutional rights pursuant to *Miranda,* he made oral and written statements confessing to the robbery and the attack on Ms. Couch. Ms. Couch identified defendant as her assailant and robber at the police station and at trial. At trial defendant offered alternative defenses of diminished capacity and not guilty by reason of mental disease or defect.

 On appeal defendant argues that his crimes involved a single act of force insufficient to sustain convictions for both robbery and assault. Although not named as such in his argument, defendant sets forth in brief a double jeopardy claim. In determining whether a defendant's convictions have placed him twice in jeopardy for the same criminal act, we look to whether a conviction on each offense requires proof of a fact which the other does not. *State v. Sprous,* 639 S.W.2d 576, 577 (Mo.1982).

A conviction for assault first degree required the State to prove that defendant knowingly caused serious physical injury to his victim. Conviction for robbery first degree required proof that defendant forcibly stole the money, and in the course thereof, displayed and threatened the use of what appeared to be a deadly weapon. Defendant argues that his cutting of the victim constituted the act of force to support both the robbery and assault convictions.

In applying the double jeopardy test to defendant's convictions we look to see if the assault charge required proof of a fact that the robbery charge did not. The robbery charge required proof of threatened use of what appeared to be a deadly weapon. The assault required proof of serious physical injury. Thus, the robbery charge required proof of a different fact than the assault; *i.e.,* the threatened use of the weapon.

Further, as in *State v. Sprous,* the assault on the victim occurred before the robbery and constituted a separate act of violence. *State v. Sprous,* 639 S.W.2d at 577. Defendant demanded money from the victim. The victim replied that she did not have any. The victim testified at trial that her reply was based upon her belief that defendant was demanding money from her personally. Defendant then assaulted the victim. Thereafter, defendant twice threatened the use of a deadly weapon if she did not open the register and squat on the floor. These threats of violence are separate from the prior assault and sufficient to support the robbery charge. *Id.* at 578.

Defendant next argues that the assault should also fail because defendant's attack did not result in serious physical injury. Defendant specifically argues that a permanent scar, four inches by one sixteenth of an inch, does not constitute serious disfigurement. RSMo § 565.002(6) (1986). We disagree.

Finding defendant's arguments on appeal to be without merit, his convictions are affirmed.

REINHARD and CRIST, JJ., concur.