**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kevin Levell TAYLOR, Defendant–Appellant.**

**Kevin Levell TAYLOR, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 54611, 54686 and 58504.

Missouri Court of Appeals, Eastern District, Division Three.

April 23, 1991.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Judge.

A jury convicted Kevin Levell Taylor of one count of assault in the first degree, in violation of § 565.050 RSMo 1986, one count of attempted robbery in the first degree, in violation of §§ 564.011 and 569.-020.1 RSMo 1986, and two counts of armed criminal action, in violation of § 571.015 RSMo 1986. Taylor was sentenced to fifteen years for assault, five years for attempted robbery, and three years for each armed criminal action, all sentences to be served consecutively. Taylor's motion for post-conviction relief under Rule 29.15 was denied. Taylor appeals from the judgment of the trial court and the order of the motion court. We affirm the convictions and the order of the motion court.

### Direct Appeal

For his direct appeal Taylor's sole point is that the trial court erred in submitting instructions to the jury on both the assault and attempted robbery charges because this subjected him to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 19 of the Missouri Constitution. We disagree.

The evidence relevant to this issue, viewed in the light most favorable to the verdicts, discloses that Taylor made plans to rob Popeye's Restaurant, where he was employed. Prior to the event in question he made inquiries concerning the alarm system. He also told one acquaintance of his intention to rob an unidentified place and asked another for suggestions on how to break into a place. The night before the incident, he telephoned the night manager at Popeye's and asked how much cash was on hand and offered to come into the restaurant to help close up, which offer was turned down.

Sharon McDaniel was the second assistant manager of Popeye's. One of her duties was to take the previous day's receipts, located in the safe, to the bank. The safe could only be opened between 7:30 and 8:30 a.m.

About 7:30 a.m., on March 22, 1987, a day Taylor was not scheduled to work, he

came to the door of Popeye's. McDaniel let him in. He told her that the manager told him to come in to work. Taylor did not clock in. He went to the preparation area and began cutting chicken into fillets with a butcher knife. Later, McDaniel went to the office and removed the receipts from the safe. Taylor followed her, making small talk. McDaniel placed the money on the desk and sat down. Taylor then put his arm around her and pushed the butcher knife against her stomach. Taylor grabbed her from the chair and she fell to the floor. As she tried to move away from him, he stabbed her three times in the chest.

After this attack, McDaniel feigned unconsciousness. When she saw that Taylor was standing over her with the knife a length and a half over her neck, she rolled into him, knocking him over and jarring the knife from his hand. McDaniel grabbed the knife but Taylor then grabbed it back from her, causing a fourth stab wound to her hand. As he swung the knife at her, she grabbed it away from him again. Taylor then struggled to push her into a cooler but could not get her all the way in. He asked her to give him the knife. When she refused, he walked back towards the preparation area. McDaniel managed to get into the office, closed the door, causing it to lock automatically, and called an ambulance. Because she was afraid she was going to die, she wrote "Kevin Taylor for the money" on a pad of paper. Taylor, seeing that McDaniel had locked herself in the office, fled.

McDaniel suffered serious physical injury from the wounds. She was admitted to the hospital with four stab wounds, three to the chest and one to the left hand. Her pericardium and diaphragm were lacerated. Her condition was listed as critical but stable and the prognosis was guarded. She required immediate surgery and all of the stab wounds required treatment and suturing.

Although it has not been raised by either party, as an initial matter we must address whether double jeopardy attaches to the submission of jury instructions where multiple crimes have been charged in the same case. The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This guarantee is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Article I, § 19 of the Missouri Constitution is more limited, providing that "nor shall any person be put again in jeopardy of life or liberty for the same offense, after once being acquitted by a jury." However, the common-law rule that "no person shall for the same offense be twice put in jeopardy is in force in this state ..., and precludes a second conviction and punishment for the same offense." *State v. Toombs,* 326 Mo. 981, 34 S.W.2d 61, 63 (Mo.1930) (citation omitted). Our Supreme Court has found no readily discernible difference between the Fifth Amendment guarantee against double jeopardy and the common law guarantee as applied in Missouri. *State v. Richardson,* 460 S.W.2d 537, 538 (Mo. banc 1970); *State v. Treadway,* 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). *See also, State v. Bowles,* 754 S.W.2d 902, 907 (Mo.App.1988).

The guarantee against double jeopardy affords a defendant three basic protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*State v. Thompson,* 610 S.W.2d 629, 634 (Mo.1981), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 122 (1981), quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). *See also Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977).

Since the case before us does not involve a second prosecution, the protection against double jeopardy available to defendant in this case is that against multiple punishments for the same offense. This protection "is designed to ensure that the

sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425, 433 (1984). The protection against multiple punishments for the same offense does not, however, prohibit the state from prosecuting multiple offenses in a single prosecution. *Id.,* 467 U.S. at 500, 104 S.Ct. at 1541, 81 L.Ed.2d at 434. The double jeopardy protection against multiple punishments does not arise until the time of sentencing. *Id.* Thus, defendant cannot claim that submission of multiple offenses to the jury constituted double jeopardy.

Defendant raises no point of error concerning sentencing and did not object to sentencing on double jeopardy grounds at trial. Nevertheless, because of the substantial rights involved, we will review under Rule 30.20 the question whether the protection against double jeopardy prohibits the multiple punishments imposed by the trial court. We conclude that it does not.

■ The issue is whether the attempted robbery and the assault are the same offense, so that multiple punishments would be barred by the prohibition against double jeopardy. The test for determining whether two offenses are "the same" for double jeopardy purposes has been established by *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger,* the Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. *State v. Treadway, supra,* 558 S.W.2d at 651 (Mo. banc 1977); *State v. Sprous,* 639 S.W.2d 576, 577 (Mo.1982); *State v. Childs,* 684 S.W.2d 508, 511 (Mo.App.1984); *State v. Bowles, supra,* 754 S.W.2d at 908; *State v. Pettis,* 748 S.W.2d 793, 794 (Mo.App.1988); *State v. Applewhite,* 771 S.W.2d 865, 871 (Mo. App.1989).

The *Blockburger* test is "a rule of statutory construction". *Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275, 282 (1981). The *Blockburger* test "focuses on *all* of the *statutory elements* of each offense." *State v. Murray,* 630 S.W.2d 577, 582 (Mo. banc 1982). "If each crime requires proof of a fact that the other does not, the test is satisfied, notwithstanding substantial overlap in the evidence offered to establish the crimes." *Id.* (citing *Albernaz, supra,* 450 U.S. at 338, 101 S.Ct. at 1142, 67 L.Ed.2d at 281 (1981)); *See also Brown v. Ohio, supra,* 432 U.S. at 166, 97 S.Ct. at 2225, 53 L.Ed.2d at 194; *State v. Franklin,* 752 S.W.2d 937, 942 (Mo.App.1988).

Defendant was charged in Count I with assault in the first degree by knowingly causing serious physical injury to Sharon McDaniel by stabbing her. This conduct was in violation of § 565.050.1 RSMo 1986, which provides that "a person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person."

Defendant was charged in Count III with attempted robbery in the first degree by stabbing Sharon McDaniel with a knife in order to take U.S. currency from her possession. This conduct was in violation of § 569.020.1 and § 564.011.1 RSMo 1986. Section 569.020.1 defines robbery in the first degree in relevant part as follows:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

\*   \*   \*   \*   \*   \*

(3) Uses or threatens the immediate use of a dangerous instrument against any person ...

Section 564.011.1 defines the crime of attempt as follows:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is

strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Our Supreme Court applied the *Blockburger* rule to the crimes of first degree robbery and first degree assault in *Sprous, supra,* 639 S.W.2d at 578 and found them to be separate offenses. This court came to the same result in *Pettis, supra,* 748 S.W.2d at 794 and in *Ball v. State,* 768 S.W.2d 631, 632 (Mo.App.1989). We follow the same analysis. The attempted robbery, *under the statutory provision charged in this case,* required proof that defendant attempted to steal property by using a deadly weapon, in this case, a knife. It did not require proof of serious injury. On the other hand, the *statute defining* assault required proof that defendant knowingly caused serious physical injury to a person, and not that defendant used a dangerous instrument. Each of these offenses required proof of a fact the other did not. Thus, under the *Blockburger* test, conviction of both did not violate the proscription against double jeopardy.

Taylor argues that the stabbings constituted a single act of force and that a single act of force cannot support a conviction of both the attempted robbery and the assault. He relies on the rule set out in *Richardson, supra,* 460 S.W.2d at 540, as follows:

> The applicable general rule, with which we agree, as stated in 22 C.J.S. Criminal Law § 287 at p. 752, is that: "If there is but a single act of force proved as an

essential element of the crime of robbery, then such act of force cannot be availed of as constituting the separate crime of assault, but the rule is otherwise where the existence of the distinct elements as realities is established, as where the force relied on to establish assault occured after the robbery had been accomplished." [1]

The single act of force rule set out in *Richardson* does not aid analysis of the double jeopardy issues in the case at bar. *Richardson* involved the second prong of double jeopardy which protects against a second prosecution after a prior conviction.[2] The court used the single act of force rule rather than the *Blockburger* rule to determine if the prior conviction of attempted robbery barred a second prosecution for assault. The United States Supreme Court has recently clarified that *Blockburger* is the test to apply in the case of multiple punishments arising from a single prosecution.

> The *Blockburger* test developed "in the context of multiple punishments imposed in a single prosecution." *Garrett v. United States,* 471 US 773, 778, 85 L Ed 2d 764, 105 S Ct 2407 [2411] (1985). In that context, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 US 359, 366, 74 L Ed 2d 535, 103 S Ct 673 [678] (1983). See also *Brown,* supra, at

> If the force relied upon to establish the robbery is the same which is required to prove the assault, then petitioner is being punished twice for the same act contrary to section 654 of the Penal Code, but if it is not the same then the two convictions and sentences can stand.

However, in Missouri, the same act can support multiple convictions without infringing on double jeopardy as long as the conditions rest on separate offenses. *Treadway, supra,* 558 S.W.2d at 651; *Applewhite, supra,* 771 S.W.2d at 870–71.

---

**1.** Although we find this rule inapplicable for other reasons, it should be noted that Section 287, which was in the 1961 edition of 22 C.J.S. Criminal Law, has been deleted from the 1989 edition of 22 C.J.S. Criminal Law. It should also be noted that the sentence quoted from C.J.S. was based on a line of California cases construing Section 654 of the California Penal Code, which provided:

> An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other * * *.

This was interpreted in *Ex Parte Chapman,* 43 Cal.2d 385, 273 P.2d 817 (banc 1954) to mean:

**2.** Former section 287 of the 1961 edition of 22 C.J.S. Criminal Law, from which the court in *Richardson* quoted, likewise dealt with successive prosecutions rather than multiple punishments.

165, 53 L Ed 2d 187, 97 S Ct 2221 [2225]. The *Blockburger* test is simply a "rule of statutory construction," a guide to determining whether the legislature intended multiple punishments. *Hunter,* supra, [459 U.S.] at 366, 74 L Ed 2d 535, 103 S Ct 673 [at 675].

*Grady v. Corbin,* —— U.S. ——, ——, 110 S.Ct. 2084, 2090–91, 109 L.Ed.2d 548, 561–62 (1990) (footnote omitted).

■ *Grady* went on to hold that successive prosecutions raise additional concerns beyond the mere possibility of an enhanced sentence. Among these is preventing the state from subjecting an individual to multiple attempts to convict him of the same offense or rehearing its presentation of proof. *Id.,* —— U.S. at ——–——, 110 S.Ct. at 2091–92, 109 L.Ed.2d at 562–63. Because of these independent concerns, the Court held that *Blockburger* was not the exclusive test to determine if successive prosecutions violate the Double Jeopardy Clause. The Court quoted *Brown v. Ohio,* supra, as follows:

> The Blockburger test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. 432 US, at 166–167, n 6, 53 L Ed 2d 187, 97 S Ct 2221 [2226 n. 6].

*Id.,* —— U.S. at ——, 110 S.Ct. at 2092, 109 L.Ed.2d at 563. The court concluded "[T]hus, a subsequent prosecution must do more than merely survive the Blockburger test." *Id.,* —— U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. While considerations in addition to the *Blockburger* test may be required to analyze double jeopardy where there are successive prosecutions, in the context of multiple punishments, the *Blockburger* test controls.

The judgment of the trial court is affirmed.

### Rule 29.15 Motion

For his appeal from the motion court's denial of his Rule 29.15 motion, Taylor contends that the motion court erred in denying him an evidentiary hearing pursuant to Rule 29.15(g).

Rule 29.15(g) requires that "a request for a hearing shall be made by motion ...". The Rule further provides: "If no request for hearing is timely filed or if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." The record indicates that Taylor did not file a motion requesting a hearing. Thus a hearing was not required. *Davis v. State,* 804 S.W.2d 31, 34 (Mo.App.1990).

Taylor's attorney apparently made an oral request for a hearing. The motion court ruled that under the evidence, including Taylor's pro se motion, the amended motion, the court files and the transcripts, Taylor was not entitled to any relief and, therefore, was not entitled to a hearing. Rule 29.15(g). Taylor claims the trial court erred because he made factual allegations of an irreconcilable conflict between himself and his attorney.

■ On appeal, review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *State v. Childers,* 801 S.W.2d 442, 446 (Mo.App.1990). Taylor did not make any allegations of an irreconcilable conflict in either his original Rule 29.15 motion or in his amended motion. Consequently, there is nothing left for this court to review. *Walls v. State,* 779 S.W.2d 560, 563 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990). This point is denied.

The order of the motion court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.