# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1998 SESSION



FILED

January 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| CLARENCE WASHINGTON, | ) | |
| | ) | NO. 02C01-9703-CC-00097 |
| Appellant, | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER, |
| JIMMY HARRISON, WARDEN, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Writ of Habeas Corpus) |

**FOR THE APPELLANT:**

**CLARENCE WASHINGTON,** *pro se*
Number 97682
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General
302 Market Street
Somerville, TN 38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The appellant, Clarence Washington, appeals as of right from an order entered in the Circuit Court of Lauderdale County denying his petition for writ of habeas corpus. The judgment of the trial court is affirmed.

I.

The appellant was convicted in February 1983 of two (2) counts of robbery with a deadly weapon, which were Class X felonies at that time. Jury sentencing was still in effect, and he was sentenced by the jury to two (2) ten-year sentences. The appellant was then found to be an habitual criminal, and his sentences were enhanced to two (2) concurrent life sentences. The appellant asserts that having his sentences enhanced as an habitual offender after being convicted for Class X felonies violates double jeopardy principles. He claims the enhanced sentences are void; therefore, he should be released based on the original sentences.

II.

It is a settled principle that an appellant is only entitled to habeas corpus relief if "it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered, that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The appellant does not allege, nor does it appear that his judgment is void on its face. Nor does it appear that his sentences have expired. Therefore, he is not entitled to habeas corpus relief.

III.

Habitual criminal statutes do not prescribe an additional sentence for one already convicted, or punish offenders for crimes where sentences have been served. A finding of guilt and the jury's setting of sentence for the triggering offense prior to the jury's habitual criminal designation does not violate double jeopardy principles. State v. Archie, 639 S.W.2d 674, 676 (Tenn. Crim. App. 1982). Rather, the statutes recognized prior criminal convictions and used them as a means to enhance the present sentence for the triggering offense. *See* Tenn. Code Ann. § 39-1-801 et. seq. (1982).

"Since habitual criminality is a status or a vehicle for the enhancement of punishment, incidental to and dependent on the most recent conviction, as opposed to an independent crime, jeopardy does not attach." Pearson v. State, 521 S.W.2d 225, 227 (Tenn. 1975). Thus, the procedure for the habitual criminal designation and setting of punishment does not violate double jeopardy.

IV.

The appellant contends he is entitled to relief under double jeopardy principles that prohibit multiple punishments for a single offense. He claims that by being convicted of a Class X felony, he originally received an enhanced punishment for his crimes. He argues the habitual criminal enhancement he received was a second, distinct punishment for the same crimes.

The appellant mischaracterizes the sentence enhancement he received by virtue of his habitual criminal designation. He received one punishment for each of the crimes as discussed above, albeit a much more severe punishment based upon his designation as an habitual criminal.

The judgment of the trial court is affirmed.

3

                                                 _____

                                                 **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**