# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JOSEPH L. COLEMAN v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8558   R. Lee Moore, Jr., Judge**

---

**No. W2004-01527-CCA-R3-HC  - Filed March 10, 2005**

---

The Petitioner, Joseph L. Coleman, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to show either that his sentence has expired or that the trial court was without jurisdiction, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin J., delivered the opinion of the court, in which David G. Hayes and John Everett Williams, JJ.  joined.

Joseph L. Coleman, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

In 1991, Petitioner Joseph L. Coleman was convicted of aggravated rape and sentenced to thirty years in the Department of Correction.  Upon being found by a jury to be an habitual

criminal, the Petitioner's sentence was enhanced to life imprisonment. The Petitioner is currently confined at the Northwest Correctional Complex in Tiptonville, Tennessee.

On April 21, 2004, the Petitioner filed a petition for habeas corpus relief, alleging that his conviction as a habitual criminal was void. This petition was dismissed on April 29, 2004. A second petition for habeas corpus relief was filed on May 26, 2004. As basis for relief, Petitioner asserted that (1) his thirty year sentence for his conviction for aggravated rape has expired and (2) the trial court was without authority to impose a conviction and sentence relating to the jury's finding him a habitual criminal as this is a sentence enhancement and not a substantive charge and this conviction, therefore, violates the protections against double jeopardy. This petition was denied by the trial court on June 8, 2004. A timely notice of appeal was filed by the Petitioner.

The State has filed a motion to affirm the lower court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State asserts that the Petitioner's sentence has not expired. The State also argues that the habitual criminal statutes do not offend protections against double jeopardy. The Petitioner requests that this Court deny the State's motion.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Again, Petitioner contends that his thirty year sentence for aggravated rape has expired and that his convictions for both habitual criminal and aggravated rape violate constitutional protections against double jeopardy. Habitual criminal statutes do not prescribe an additional conviction or sentence for one already convicted. *See Clarence Washington v. Harrison*, No. 02C01-9703-CC-00097, 1998 WL 32680, at *1 (Tenn. Crim. App., at Jackson, Jan. 30, 1998), *perm. to appeal denied*, (Tenn. Oct. 12, 1998). Habitual criminality is not an independent offense. *Id.* Rather, it is merely a status or a vehicle for the enhancement or punishment, incidental to and dependent on the most recent conviction. *Clarence Washington v. Harrison*, No. 02C01-9703-CC-00097, 1998 WL 32680, at *1 (quoting *Pearson v. State*, 521 S.W.2d 225, 227 (Tenn. 1975)). As the State correctly asserts in its motion, when a trial court imposes both a sentence on the triggering offense and on the habitual criminal status, the sentence on the triggering offense is null and void. *State v. Duffel*, 665 S.W.2d 402, 404 (Tenn. Crim. App. 1983); *State v. Archie*, 639 S.W.2d 674, 676 (Tenn. Crim. App. 1982). Thus, the only valid sentence is the sentence for life imprisonment. The Petitioner received one punishment for his crime, albeit a more severe punishment based upon his status as an habitual criminal. The Petitioner has not established that his life sentence has expired.

Next, an allegation of double jeopardy does not render a conviction void. *See William A. Ransom v. State*, No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., at Nashville, Sept. 20, 1995), *perm. to appeal denied*, (Tenn. Feb. 5, 1996). Rather, such a challenge would merely render the judgment voidable. Thus, this claim is not cognizable in a habeas corpus proceeding. Notwithstanding, we do acknowledge that the courts of this state have repeatedly held that the procedure for the habitual criminal designation and setting of punishment does not violate double jeopardy. *See, e.g.*, *See Clarence Washington v. Harrison*, No. 02C01-9703-CC-00097, 1998 WL 32680, at *1. Under these circumstances, we conclude that habeas corpus relief is not warranted. *See, e.g., Passarella v. State,* 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994) (remedy of habeas corpus in criminal cases is limited to cases where the judgment is void or the term of imprisonment has expired).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE

3