

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD76646 |
| | ) | |
| TRAVIS LOVETT, | ) | Opinion filed: April 22, 2014 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF MACON COUNTY, MISSOURI**
**The Honorable Frederick Paul Tucker, Judge**

Before Division Four: James E. Welsh, Chief Judge,
Joseph M. Ellis, Judge and Mary Rhodes Russell, Special Judge

The State appeals from a judgment entered by the Circuit Court of Macon County that presumably dismisses the information charging Respondent Travis S. Lovett with possession of an imitation controlled substance with intent to distribute, § 195.242,[1] and possession of drug paraphernalia, § 195.233. The State contends that the trial court erred in dismissing the information because the information sufficiently states and apprises Respondent of the essential elements of the charged offenses. Respondent avers that the trial court correctly dismissed the information because Respondent's

---

[1] All statutory citations are to RSMo 2000 unless otherwise noted.

conduct does not come within the purview of the imitation controlled substance statutes. For the following reasons, the appeal is dismissed.

On March 13, 2012, Respondent was charged by information with one count of possession of an imitation controlled substance with the intent to distribute and one count of possession of drug paraphernalia. These charges arose out of an incident in 2011 in which Macon police officers responded to the apartment of Stephen Wright following a report of a possible burglary in progress.[2] Through the apartment's glass storm door, police observed Respondent and Wright using glass pipes or water bongs to smoke what the officers believed to be marijuana. When questioned, Wright explained that the substance they were smoking was incense, not marijuana.

Wright consented to police searching his apartment. Upon doing so, police found storage totes containing what officers described as a "green plant material" similar in appearance to marijuana. The substance was packaged in clear Ziploc baggies with homemade labels stating "Sedation Incense" and indicating the amount of the substance the package contained. Another tote contained two digital scales, a measuring cup, baggies and labels, and more of the green plant material. Police also recovered a Ziploc bag from Wright's room that contained eight pills, which were later determined to be Clonazepam, a Schedule IV controlled substance.

Wright further explained to the officers that he and Respondent purchased the green plant material in bulk over the Internet and added their own mixture of chemicals to it before weighing, packaging, and labeling it for sale. He stated that despite the "not

---

[2] The facts recited herein are taken from the trial court's "Findings of Fact, Conclusions of Law, and Judgment." No transcript has been filed, and the record otherwise does not inform us as to the evidentiary source of those factual findings or when and how such facts were presented to the trial court. Thus, they are presented here merely for context.

for human consumption" label they put on the packages, people typically purchased the incense to smoke because it produces a high similar to that of marijuana. He also told police that he had recently sold one kilo of the green plant material to Respondent for resale. Respondent owned two stores in which he intended to sell the incense.

The following month, Police executed a search warrant at one of Respondent's stores and recovered more packages of the green plant material labeled "Sedation." The packages were individually labeled according to scent/flavor and ranged in weight from "3 grams" to "1 pound." Police indicated that the incense was priced similar to what the same quantity of marijuana would cost.

Once charged, Respondent filed a motion to dismiss the information.[3] In the motion, Respondent asserted that the information should be dismissed because § 195.010(21), which defines the term "imitation controlled substance," is ambiguous and, when the rule of lenity is applied, any ambiguity in § 195.010(21) had to be resolved in his favor. In particular, Respondent contended that § 195.010(21) was ambiguous in that it defined an imitation controlled substance as that "which by dosage unit appearance (including color, shape, size and markings), or by representations made, would lead a reasonable person to believe that the substance is a controlled substance." Respondent further asserted that § 195.010(21) is unconstitutionally vague in that it fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct if forbidden. Alternatively, Respondent averred that the information must be dismissed because it failed to state a crime. More specifically, Respondent argued that the legislature intended § 195.242 to prohibit "instances where individuals, [who are] engaged in illegal drug trafficking, deliver or possess a non-

---

[3] Wright was also charged as a result of the incident and, likewise, filed a motion to dismiss.

controlled substance representing it to be an actual controlled substance" and that, under the circumstances of this case, no reasonable person would believe the incense was a controlled substance.

On July 10, 2013, the trial court entered its "Findings of Fact, Conclusions of Law, and Judgment." The trial court begins by stating that "Wright has filed a Motion to Dismiss – which motion Defendant Lovett has orally joined – arguing that the statute should not apply to Defendants' conduct." The trial court then sets forth its factual findings and notes that the parties were "unable to find any Missouri appellate decisions addressing sufficiency of the evidence in situations where a defendant is alleged to have possessed or sold an item knowing that it was not a controlled substance, but claiming that it was 'similar' to a controlled substance in its effects when used." The trial court further explained that "[c]ases concerning the sufficiency of the evidence in matters involving imitation controlled substances have uniformly involved situations where the defendant was alleged to have made 'direct representations' that the item in question was a controlled substance" or "situations where a defendant had engaged in multiple drug sales to undercover agents and one of those sales involved items which were later determined not to [be] an actual controlled substance." After acknowledging the types of cases in which imitation controlled substance charges typically arise, the trial court found that "[t]here is no evidence in this case that either defendant told anyone that the material in question was marijuana, or that either defendant had previously sold marijuana." The trial court then states that "[i]t is hoped that an appellate decision will help clear up this area of the law. So Ordered[.]"

4

The State brings this appeal, claiming that the trial court's judgment is erroneous in that the information sufficiently states and apprises Respondent of the essential elements of the charged offenses. Regrettably, however, the procedural posture of this case is murky. The parties' arguments are lacking in clarity, as is the judgment. Consequently, we are unable to determine exactly what the trial court did, or how it reached its decision, and that effectively precludes appellate review.

By way of explanation, we first observe that the judgment fails to indicate what relief is being granted. At the judgment's conclusion, the trial court simply states "So ordered[.]" And although both parties treat the judgment as granting Respondent's motion to dismiss, nothing in the judgment expressly states or indicates that the trial court is granting such relief. Moreover, even if we assume, *arguendo*, that the judgment granted Respondent's motion to dismiss, we are unable to ascertain exactly what the judgment actually dismisses. The information charged Respondent with two counts: (1) possession of an imitation controlled substance with intent to distribute and (2) possession of drug paraphernalia. Respondent requested the dismissal of both counts in his motion to dismiss; nevertheless, the motion focuses almost exclusively on the possession of an imitation controlled substance count. Similarly, the trial court's judgment and the parties' briefing discuss only the possession of an imitation controlled substance count.[4] Thus, there is no indication in the record whether both counts were being dismissed or just the count charging possession of an imitation controlled substance.

---

[4] In a footnote, the trial court does mention that Respondent has been charged with the misdemeanor offense of possession of drug paraphernalia.

Adding further to the confusion, the State, in its jurisdictional statement, contends that this is an "***interlocutory appeal***" that "is authorized by Sections 547.210 and § 547.200, RSMo 2000, which provides for an interlocutory appeal from any order which results in an information being judged insufficient." (Emphasis added). Later in its brief, the State correctly asserts that it "may only pursue an interlocutory appeal from the four categories of cases set for in § 547.200.1, or an appeal lies from final judgments and orders" and that the "range and types of final judgments from which the State may appeal is significantly broader." Thus, the State's argument is unclear as to whether we are to treat this appeal as interlocutory or an appeal from a final judgment.

Section 547.200.1 sets forth four circumstances under which the State has the authority to seek an interlocutory appeal,[5] none of which apply in this case. Accordingly, in order to be appealable, the judgment must be final. ***State v. Burns***, 994 S.W.2d 941, 942 (Mo. banc 1999). The State, however, fails to explain how the trial court's judgment is final for purposes of this appeal. Instead, it merely relies upon the fact that this Court has previously found the State had the right to appeal from judgments dismissing an indictment or information on grounds that the acts charged do not constitute a crime. *See **State v. Rousseau***, 34 S.W.3d 254, 259 (Mo. App. W.D.

---

[5] Section 547.200.1 provides:

> An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:
>
>> (1) Quashing an arrest warrant;
>>
>> (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020, RSMo;
>>
>> (3) Suppressing evidence; or
>>
>> (4) Suppressing a confession or admission.

2000); *State v. Smothers*, 297 S.W.3d 626, 630-32 (Mo. App. W.D. 2009). But the cases upon which the State relies provide no support for the State's contention. Rather, in both those cases, we were able to determine that the dismissals constituted final judgments. *Rousseau*, 34 S.W.3d at 259 (finding the State could bring the appeal under § 547.200.2 because the pre-trial dismissal of all three counts in the defendant's indictment would not result in double jeopardy); *Smothers*, 297 S.W.3d at 632 (finding the dismissal of a two-count information constituted a final, appealable judgment because it had the practical effect of terminating the litigation as charged by the State). In the instant appeal, we are unable to say the judgment is final.

As noted *supra*, it is unclear whether the trial court dismissed both counts of the information, or only one. Missouri courts have held that judgments resulting in the dismissal of all counts charged in an information or indictment are final judgments from which the State can appeal. *See State v. Brown*, 140 S.W.3d 51, 53 (Mo. banc 2004) (indicating a judgment was final for purpose of a criminal appeal when the trial court's judgment dismissed all counts in the information after finding the statutes controlling the charges to be unconstitutionally vague); *see also State v. Drury*, 358 S.W.3d 158, 161 n.1 (Mo. App. E.D. 2011) (stating that a judgment was final and appealable in that the trial court dismissed all the counts, resulting in the case being dismissed entirely); *State v. Delong*, 348 S.W.3d 866, 868 n.2 (Mo. App. S.D. 2011) (explaining that the State had the right to appeal from the trial court's judgment because it was final in that it resulted in the outright dismissal with prejudice of all pending charges in the case). But since we do not know if both counts were dismissed, before we could address the merits of the appeal, we would also have to consider whether the judgment would be

7

final if it dismissed only the count pertaining to possession of an imitation controlled substance.

Missouri case law lacks clarity as to whether the dismissal of some, but not all, counts in a multi-count information or indictment constitutes a final judgment for purposes of a criminal appeal.[6] In determining whether the State has the right to appeal in this case, we would necessarily have to address the issue.[7] Hence, before we could reach the merits of this appeal, we would be forced to speculate as to what relief the trial court granted. Assuming we were to conclude that the judgment dismissed only one count of the information, we would then have to decide whether a judgment that dismisses only one count of a two-count information is a final judgment for purposes of appeal, an issue the parties have neither briefed nor argued. "As a court, we are obliged to remain impartial. We are not permitted to become a witting or unwitting adversary of [a party], fashion a theory we are not certain [a party] pleaded, search the record on our own for evidence to support that theory and impose liability upon [a party] without affording it any opportunity to challenge our strange conduct." *Werdehausen v. Union Elec. Co.*, 801 S.W.2d 358, 368 (Mo. App. E.D. 1990).

---

[6] *Compare* **State v. Honeycutt**, 421 S.W.3d 410, 413-14 & n.4 (Mo. banc 2013) (finding the trial court's judgment granting the defendant's motion to dismiss one count of a multi-count indictment was "a final judgment from which the State may appeal" because, even though the dismissal was without prejudice, it was based on a constitutional claim that "had the practical effect of terminating the litigation"), *and* **State v. March**, 130 S.W.3d 746, 747-48 (Mo. App. E.D. 2004) (holding that the dismissal of one count charged in a multi-count indictment constituted "a final, appealable judgment [because] it purport[ed] to preclude any further prosecution on that charge"), *with* **State v. Storer**, 324 S.W.3d 765, 767 (Mo. App. S.D. 2010) (holding that a judgment dismissing some, but not all, counts in a multi-count information did not constitute a final, appealable judgment for purposes of a criminal appeal because the two remaining charges would require "future adjudication" and "further prosecution of the defendant"), *and* **State v. Stegman**, 2 S.W. 798, 799 (Mo. 1887) (holding that the State's appeal was premature where the trial court dismissed two counts of a three-count indictment).

[7] Although this Court has yet to address the finality issue, we have cited favorably to **Burns**, 994 S.W.2d at 942, for the proposition that a judgment in a criminal case is "final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant *on a particular charge*." **State v. Triplett**, 355 S.W.3d 543, 548 (Mo. App. W.D. 2011) (internal quotation omitted) (emphasis added).

8

Thus, it follows that any decision we would make in this case would amount to nothing more than an advisory opinion because we do not know what was decided in the trial court. "[I]t is not this Court's prerogative to offer advisory opinions on hypothetical issues . . . ." *State v. Self*, 155 S.W.3d 756, 761 (Mo. banc 2005); *see also* *State ex inf. Danforth v. Cason*, 507 S.W.2d 405, 418 (Mo. banc 1973) ("[W]e do not render advisory opinions[.]"); *State ex rel. Mo. Pub. Serv. Co. v. Elliott*, 434 S.W.2d 532, 536 (Mo. banc 1968) ("[T]he Court does not render advisory opinions."); *Harris v. Consolid. Sch. Dist. No. 8 C, Dunklin Cnty.*, 328 S.W.2d 646, 654 (Mo. banc 1959) ("An advisory decree upon hypothetical facts is improper."). Accordingly, the appeal is dismissed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. *State v. Reed*, 770 S.W.2d 517, 521 (Mo. App. E.D. 1989).

Joseph M. Ellis, Judge

All concur.

9