

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Appellant, | ) |
| | ) WD81784 |
| v. | ) |
| | ) OPINION FILED: |
| | ) April 23, 2019 |
| DYMON D. THOMPSON, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Patrick W. Campbell, Judge**

**Before Special Division:** Edward R. Ardini, Jr., Presiding Judge, and
Mark D. Pfeiffer and Gary D. Witt, Judges

The State of Missouri ("State") appeals from the judgment of the Circuit Court of Jackson County, Missouri ("trial court"), dismissing one of two counts of the State's information in lieu of indictment against Mr. Dymon D. Thompson ("Thompson"). We reverse and remand with directions.

## Facts and Procedural History

The State filed a two-count information in lieu of indictment against Thompson, charging him with one count of the class C felony of possession of a controlled substance in violation of

section 195.202[1] for being in possession of cocaine and one count of the class D felony of unlawful use of weapon in violation of section 571.030.1(11) for being in possession of a Glock Model 27 handgun, while also being in possession of cocaine, a controlled substance. Thompson moved to dismiss one of the counts, arguing that the possession of a controlled substance was a lesser-included offense of unlawful use of a weapon and, therefore, was barred by double jeopardy. The trial court granted Thompson's motion and directed the State to elect which count would be dismissed.

The State filed a motion objecting to the trial court's order, requesting that the trial court vacate its earlier order and allow it to proceed upon both counts or amend the order and exercise the trial court's power to designate which count of the information would be dismissed. Thereafter, the trial court entered its judgment. The trial court found that every element of the possession of a controlled substance charge was found in the unlawful use of a weapon charge, and therefore, the Double Jeopardy Clause was "presumably violated." The trial court further found that the possession of a controlled substance charge was a lesser-included offense of the unlawful use of a weapon charge. Consequently, the trial court dismissed the possession of a controlled substance charge.

The State appealed.

## Jurisdiction

Thompson has moved this court to dismiss the State's appeal for lack of jurisdiction. He argues that the State's interlocutory appeal is not authorized by the express provisions of section 547.200.1 and the dismissal is not a final judgment.

---

[1] All statutory references are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2015 non-cumulative supplement. In 2014, the General Assembly transferred section 195.202 to section 579.015 effective January 1, 2017. Because the State alleged that Thompson committed the charged crimes on or about August 31, 2016, the former statute number and sentencing classification is used.

2

In opposition, the State argues that the dismissal on constitutional grounds of one count of a multi-count indictment is a final judgment from which it may appeal. The State also contends that the judgment is final and appealable because it forecloses prosecution on count I (possession of a controlled substance), prevents the State from proceeding with the litigation as it was cast, and places a substantial cloud on the State's right to prosecute count I in the future.

Although there appears to be some confusion "as to whether dismissal of some, but not all, counts in a multi-count information or indictment constitutes a final judgment for purposes of a criminal appeal," *State v. Lovett*, 427 S.W.3d 897, 901 (Mo. App. W.D. 2014); *State v. Wright*, 431 S.W.3d 526, 532 (Mo. App. W.D. 2014), our resolution of this jurisdictional challenge is governed by the Missouri Supreme Court's decision in *State v. Honeycutt*, 421 S.W.3d 410 (Mo. banc 2013). In *Honeycutt*, the State charged the defendant with two counts of stealing a firearm and one count of unlawful possession of a firearm. *Id*. at 413. The trial court sustained the defendant's motion to dismiss the third count on constitutional grounds. *Id*. The State appealed. The Missouri Supreme Court concluded that the trial court's judgment granting the defendant's motion to dismiss one count of a multi-count indictment was "a final judgment from which the State may appeal," because even though the dismissal was without prejudice, it was based on a constitutional claim that "had the practical effect of terminating the litigation." *Id*. at 413, 414 n.4.

The factual and procedural scenarios here and in *Honeycutt* are virtually identical. Here, the State charged Thompson with one count of possession of a controlled substance and one count of unlawful use of a weapon while also being in possession of a controlled substance. Thompson moved to dismiss one of the counts. The trial court dismissed the possession count, finding that because every element of the possession charge was found in the unlawful use of a

3

weapon charge, the Double Jeopardy Clause was "presumably violated." Because "Missouri appellate courts are constitutionally bound to follow the last controlling decision of Missouri's Supreme Court," *State v. Miller*, 536 S.W.3d 374, 379 (Mo. App. W.D. 2018) (internal quotation marks omitted), following *Honeycutt*, we conclude that the trial court's judgment dismissing the possession count was a final, appealable judgment.

Thompson's motion to dismiss for lack of jurisdiction is denied.

## Double Jeopardy

As relevant to our disposition in today's ruling, the State contends that the Double Jeopardy Clause's protection against multiple punishments had not yet ripened because it does not apply until sentencing. We agree.

The Double Jeopardy Clause of the United States Constitution[2] guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. According to the United States Supreme Court, the double jeopardy guarantee "consist[s] of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 803, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). *See also State v. Daws*, 311 S.W.3d 806, 808 (Mo. banc 2010) ("The [D]ouble [J]eopardy [C]lause 'contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a

---

[2] The double jeopardy prohibition applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

4

conviction[,] and (b) protection from multiple punishments for the same offense.'" (quoting *State v. Flenoy*, 968 S.W.2d 141, 143 (Mo. banc 1998)).

In the context of multiple punishments[3] imposed in a single proceeding, the interest that the Double Jeopardy Clause protects is "'limited to ensuring that the total punishment did not exceed that authorized by the legislature.'" *State v. Owens*, 849 S.W.2d 581, 584 (Mo. App. W.D. 1993) (quoting *Jones v. Thomas*, 491 U.S. 376, 381, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989)). "Its purpose is to guarantee that 'sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments.'" *Id*. (quoting *Jones*, 491 U.S. at 381) (citing *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992)).

The fundamental principle is "that an accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. United States*, 420 U.S. 377, 393, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). "[T]he constitutional policies underpinning the Fifth Amendment's guarantee are not implicated before that point in the proceedings at which 'jeopardy attaches.'" *Id.* at 390-91 (internal quotation marks omitted). "[J]eopardy does not attach until a defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge." *Id*. at 391 (internal quotation marks omitted). "Both the history of the Double Jeopardy Clause and its terms demonstrate that it does not come into play until a proceeding begins before a trier having jurisdiction to try the question of the guilt or innocence of the accused." *Id*. (internal quotation marks omitted). "Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id*. at 391-92.

---

[3] This case does not involve the protection against successive *prosecutions* after either an acquittal or conviction, and instead involves the protection against multiple *punishments* for the same offense. The distinction is not without import, as it implicates at what stage in a criminal proceeding a defendant can raise a double jeopardy challenge.

"The point at which double jeopardy attaches depends upon the type of trial." *State v. Smith*, 988 S.W.2d 71, 77 (Mo. App. W.D. 1999). "In a court-tried case, jeopardy attaches when the court begins to hear the evidence." *Id.* (citing *Breed v. Jones*, 421 U.S. 519, 531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Serfass*, 420 U.S. at 388). In a jury trial, jeopardy attaches when the jury is "'empaneled and sworn.'" *Id.* (quoting *Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978)). *See also Martinez v. Illinois*, 572 U.S. 833, 839, 134 S.Ct. 2070, 2074, 188 L.Ed.2d 1112 (2014) ("There are few if any rules of criminal procedure clearer than the rule that 'jeopardy attaches when the jury is empaneled and sworn.'").

As a result, in a scenario involving the possibility of multiple punishments for the same offense in a single proceeding, jeopardy has not attached as to any offense before trial commences. A pre-trial motion raising a double jeopardy challenge to the possibility of multiple punishments for the same offense in a single proceeding is therefore premature.[4] Here, the trial court erred by dismissing count I before trial on the grounds that the Double Jeopardy Clause was "presumably violated." Without having a trial in which the State presented its evidence to the jury, Thompson "was not entitled to double-jeopardy protections because he never suffered jeopardy of conviction." *State v. Aston*, 434 S.W.3d 530, 535 (Mo. App. E.D. 2014). The double jeopardy protection against multiple punishments for the same offense "'is designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature.'" *State v. Taylor*, 807 S.W.2d 672, 674-75 (Mo. App. E.D. 1991) (quoting *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540-41, 81 L.Ed.2d 425, 433 (1984)). "The protection against multiple punishments for the same offense does not, however, prohibit the state from prosecuting multiple offenses in a single prosecution." *Id.* at 675 (citing *Johnson*, 467

---

[4] This is in contrast to a "successive prosecutions" scenario where the double jeopardy challenge is to being *prosecuted* for the same offense following an earlier acquittal or conviction.

U.S. at 500). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). "The double jeopardy *protection* against multiple punishments does not arise until the time of sentencing."[5] *Taylor*, 807 S.W.2d at 675 (emphasis added).[6] "Thus, defendant cannot claim that submission of multiple offenses to the jury constituted double jeopardy." *Id.*

Point I is granted.[7]

### Conclusion

Because the trial court erred by dismissing count I before trial on double jeopardy grounds, the trial court's judgment is reversed, and the matter is remanded to the trial court with directions to vacate its judgment dismissing count I of the information in lieu of indictment, enter an order denying without prejudice Thompson's motion to dismiss, proceed to trial on both charges, and address any potential double jeopardy challenge prior to the entry of sentencing and judgment.

/s/ *Mark D. Pfeiffer*
Mark D. Pfeiffer, Judge

Edward R. Ardini, Jr., Presiding Judge, and Gary D. Witt, Judge, concur.

---

[5] In other words, though jeopardy "attaches" earlier in trial, the double jeopardy "protection" against multiple punishments does *not* arise until the time of sentencing.

[6] *See State v. Bacon*, 841 S.W.2d 735, 741-42 (Mo. App. S.D. 1992) (noting that because the double jeopardy protection against multiple punishments does not arise until the time of sentencing, the double jeopardy issue was timely raised when the defendant filed a motion for judgment of acquittal of lesser-included offenses after the return of guilty verdicts and prior to the entry of judgment and sentencing).

[7] Because we grant Point I, we need not and do not address Point II.

7